COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:        Patrick Olajide Akinwamide v. Transportation Insurance
                            Company, CNA Insurance Company, and Automatic Data
                            Processing Inc.

Appellate case number:      01-15-00066-CV

Trial court case number:    1997-48526

Trial court:                80th District Court of Harris County

On November 25, 2014, appellant, Patrick Olajide Akinwamide, proceeding *pro se*, filed a notice of appeal in the trial court from both the October 3, 2014 order denying his motion to set aside the final judgment, and the November 4, 2014 pre-filing order which declared appellant a vexatious litigant and imposed sanctions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2014). After several motions were filed by appellant regarding the appellate record, this Court abated the case, on July 9, 2015, to settle the dispute over inaccuracies in the reporter's record for the October 24, 2014 show cause hearing. *See* TEX. R. APP. P. 34.5(c)(1), (3), 34.6(e)(3).

A compliant supplemental clerk's record with all Exhibits A-K to "Plaintiff's Motion to Set Aside the Final Judgment," was filed in this Court on July 23, 2015. On October 5, 2015, a compliant supplemental reporter's record containing the complete show cause hearing and a separate exhibit volume for that hearing were filed in this Court. *See* TEX. R. APP. P. 34.6(d), (e)(2), (3). Thus, on October 20, 2015, this Court's Order reinstated this case, and ordered appellant's brief to be filed within 30 days of the date of that Order, or by November 19, 2015. *See id.* 2, 38.6(a)(2), (d).

However, following that October 20, 2015 Order, appellant has failed to timely file his brief by November 19, 2015, and instead has filed five more motions complaining about the accuracy of the show cause hearing and clerk's records and one notification. Accordingly, this Court resolves all of the pending motions as follows:

(1) Appellant's "Motion to Request to Certified Court Reporter's Record of the Abatement Hearing," filed on November 6, 2015, pursuant to this Court's July 9, 2015 Order, is **DISMISSED AS MOOT**, and

(2) Appellant's similar "Motion to Declare The Court Reporter's Records Filed With the First Court of Appeals on March 26, 2015 and October 5, 2015 as Inadequate, Inaccurate and Falsified and the Court to Take Appropriate Action Against the Individuals Involved in Filing the Falsified Court Reporter's Record with the Court," filed on November 17, 2015, because, among other reasons, those reporter's records were not agreed to by the parties, under Rule 34.6(e)(1), (2), or (3), is also **DISMISSED AS MOOT**, for the following reasons:

    a. As noted above, this Court already granted appellant's prior motions to abate for the filing of the corrected or complete reporter's record and exhibit volume for the show cause hearing, held on October 24, 2014.

    b. Under Rule 34.6(e)(3), once the dispute arises after the reporter's record has been filed in the appellate court, as here, this Court may submit the dispute to the trial court for resolution. *See* TEX. R. APP. P. 34.6(e)(3).

    c. Although Rule 34.6(e)(2) states that the trial court should hold a hearing to resolve the inaccuracy, it also states that if there is any inaccuracy, it must order the court reporter to file certified corrections in the appellate court. *See* TEX. R. APP. P. 34.6(e)(2).

    d. While this Court's July 9, 2015 Order directed the trial court to hold a hearing, it also directed the court reporter "to file a supplemental reporter's record of the show cause hearing, held on October 24, 2014, if any corrections are needed, and of the abatement hearing, *if any is held*, within 30 days of the date of this order." Order of Abatement, issued July 9, 2015, at 2 (emphasis added).

    e. Because the reporter complied with the second part of the Court's July 9th Order by filing a compliant supplemental reporter's record containing the complete show cause hearing and a separate exhibit volume for that hearing in this Court on October 5, 2015, apparently no abatement hearing was held, nor was one necessary.

    f. The court reporter also complied with Rule 34.6(e)(2) by filing certifications that the supplemental reporter's record for the show cause

hearing, held on October 24, 2014, was true and correct, dated October 2, 2015, and that the exhibit volume for that show cause hearing was true and correct, dated October 5, 2015, together with the supplemental reporter's record filed in this Court on October 5, 2015. *See* TEX. R. APP. P. 34.6(e)(2).

(3) Next, appellant's "Motion to Supplement the Clerk's Record," filed on November 6, 2015, seeking eight more items to be included in the clerk's record, is **DISMISSED AS MOOT** as follows, with the paragraph number of each item identified below:

    a. Appellant's request No. 1 for "[a]ny written stipulation filed with the [trial clerk] that the parties . . . agreed on the contents of the Appellate record," under Rule 34.2, that request is **DISMISSED AS MOOT**.

        i. Rule 34.2 regarding an "Agreed Record" only applies if the parties have already agreed upon the record and are *not* proceeding under the standard Rule 34.5 for the designation of the clerk's record.

        ii. Here, because the original clerk's record was filed on January 20, 2015, Rule 34.5 applies. *See* TEX. R. APP. P. 34.2, 34.5(a) ("*Unless* the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following: . . . .") (emphasis added).

    b. With respect to appellant's request No. 2 for "[a]ny written requests for a Court Reporter's record, including any statements of points or issues under Rule 34.6(c) filed with the [trial clerk]," that request is **DISMISSED AS MOOT**.

        i. Rule 34.6(c) only applies "[i]f the appellant requests a *partial* reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and then will be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1) (emphasis added).

        ii. Here, the appellant filed his "Request for Court Reporter's Record," on February 2, 2015, in this Court, and noted that he had made his initial request for a complete reporter's record on November 25, 2014, to the trial clerk and, thus, Rule 34.6(b)(1) applies. TEX. R. APP. P. 34.6(b)(1)("At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record.").

c. As for appellant's request No. 3 for "[a] certified copy of the court reporter's notes including evidence offered and admitted during the" show cause hearing is **DISMISSED AS MOOT**.

   i. Generally, the court reporter's transcription of the proceeding and any of the exhibits used at that proceeding are the only items required for the reporter's record. *See* TEX. R. APP. P. 34.6(a)(1).

   ii. As noted above, the reporter already filed a compliant supplemental reporter's record containing the complete show cause hearing and a separate exhibit volume for that hearing in this Court on October 5, 2015.

   iii. The supplemental reporter's record and exhibit volume were the only relevant items ordered by this Court on July 9, 2015. Thus, any "reporter's notes including evidence offered" are irrelevant. TEX. R. APP. P. 34.6(d) ("If anything relevant is omitted from the reporter's record, . . . the appellate court, or any party may by letter direct the official court reporter to . . . file in the appellate court a supplemental reporter's record containing the omitted items.").

d. Appellant's request No. 4 for "Plaintiff's objections to the Trial Court's Proposed order or order sanctioning Plaintiff and declaring Plaintiff a vexatious litigant filed . . . on or about November 7, 2014," is **DISMISSED AS MOOT** because that document was already filed with the clerk's record on January 20, 2015. (C.R. at 206-211).

e. Appellant's requests No. 5 (the notice of the abatement hearing) and No. 6 (the trial court's written order reflecting that the supplemental reporter's record of the show cause hearing is accurate) are **DISMISSED AS MOOT**.

   i. As noted above, once the reporter complied with the second part of the Court's July 9th Order by filing a compliant supplemental reporter's record containing the complete show cause hearing and a separate exhibit volume for that hearing in this Court on October 5, 2015, apparently no abatement hearing was held nor was one necessary.

f. Appellant's request No. 7 (the supplemental clerk's record containing the trial court's order and findings of fact for the abatement hearing pursuant to this Court's July 9, 2015 Order) is **DISMISSED AS MOOT** because the Clerk of this Court already requested, on December 10, 2015, that the trial clerk file the findings of fact and conclusions of law, signed by the trial court on November 12, 2015, and the third

supplemental clerk's record was filed in this Court on December 15, 2015.

    g. Appellant's request No. 8 for the "District Clerk's note to the Trial Court Clerk to file the clerk's record by the original due date, dated September 29, 2015, October 2, 2015 and October 21, 2015," is **DISMISSED AS MOOT** because those exact information sheet documents were already filed with the Clerk of this Court on September 29, 2015, twice on October 2, 2015, and once on October 22, 2015, respectively.

        i. In any event, these information sheets are used by the trial clerk as status updates or to request extensions regarding filing of the clerk's or supplemental clerk's records. *See* TEX. R. APP. P. 37.3(a)(1).

        ii. Thus, these information sheets are not listed in the items generally included in the clerk's record, were not requested by this Court for any supplemental clerk's record, and are not part of the appellate record. *See* TEX. R. APP. P. 34.5(a)(1), (3)-(13), (c)(1).

(4) Similarly, appellant's second "Motion to Supplement the Clerk's Record," filed on December 16, 2015, seeking four more items to be included in the clerk's record, is **DISMISSED AS MOOT**, as follows:

    a. With respect to requests Nos. 1 and 2 (regarding any party's request for the findings and conclusions and notice of past due findings and conclusions), these findings of fact and conclusions of law were filed in this Court on December 15, 2015 in response to the notice by the Clerk of this Court sent on December 10, 2015, and thus, not in response to any party's request or notice of past due findings and conclusions.

    b. With respect to request No. 3 (the trial court's written order that the reporter's record of the show cause hearing filed in this Court on March 26, 2015, is accurate), as noted above, the court reporter complied with this Court's July 9th Order by filing a complete supplemental reporter's record on October 5, 2015, with certifications that the show cause hearing, held on October 24, 2014, and exhibit volume were true and correct.

    c. Thus, the complete supplemental reporter's record and exhibit volume filed in this Court on October 5, 2015, replaces the March 26, 2015 partial supplemental record, precluding the need for the trial court to determine the accuracy of the March 26, 2015 record.

d. With respect to request No. 4 (appellant's motion to challenge these findings and conclusions, filed with the trial clerk), that motion apparently deals with the merits of this appeal and those arguments can be incorporated into appellant's brief on the merits.

(5) Appellant's "Notification," filed on December 1, 2015, states that when he attempted to serve appellees' counsel, Jeffrey L. Diamond, via certified mail with copies of the above motions, they were returned and marked as "Returned to Sender[,] Vacant[,] Unable to Forward."

   a. Although appellant's "Notification" does not request any relief from this Court, the lack of a current mailing address for appellees' counsel may prevent the *pro se* appellant from properly serving his appellate brief via mail on appellees. *See* TEX. R. APP. P. 9.5(b)(2).

   b. Thus, appellee's counsel, **Jeffrey L. Diamond**, or other lead counsel for appellees, is **ORDERED** to file a notice of change of mailing address with the Clerk of this Court within **10 days of the date of this order with a certificate of service on appellant**. *See* TEX. R. APP. P. 6.1(b), (c), 9.5(d).

(6) Finally, appellant's "Motion to Reset Time to File Appellant's Brief," filed November 17, 2015, seeking an indefinite extension of time to file his brief until after the resolution of his above motions regarding the inaccuracies of the supplemental reporter's and clerk's records, is **GRANTED, in part**, as follows:

   a. Although appellant's four motions are being dismissed as moot or denied above, his appellate brief deadline of November 19, 2015, passed due to the length of time and amount of judicial resources expended to resolve those motions and the notification above.

   b. Accordingly, appellant's brief is **ORDERED** to be filed no later than **30 days** from the date of this order. *See* TEX. R. APP. P. 2, 38.6(a), (d).

   c. **Appellant is warned that no further extensions of time to file his brief or motions regarding the appellate record will be granted absent extraordinary circumstances**.

   d. Appellee's brief, if any, is **ORDERED** to be filed no later than **30 days** from the filing of appellant's brief. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>

☒ Acting individually     ☐ Acting for the Court

Date:  December 22, 2015